624 A.2d 636

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**John TWYMAN**

Superior Court of Pennsylvania.

Submitted March 30, 1993.

Filed May 4, 1993.

200

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellant.

Jeremiah F. Kane, West Chester, for appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

TAMILIA, Judge:

The Commonwealth appeals from the September 14, 1992 Order granting defendant's motion to suppress contraband seized as a consequence of a warrantless search of his vehicle.

Arresting officer Michael McGinnis, a narcotics investigator for three years, testified that at approximately 11:00 a.m. on February 11, 1992 he was paged on his beeper by a confidential informant who advised him a two-tone green Grand Prix, Pennsylvania license plate XCC 988, had left the 100 block of South Matlack, in the town of West Chester, one hour earlier, bound for North Philadelphia to purchase drugs. McGinnis testified he was familiar with the vehicle as one which had previously been pointed out to him as being involved in the rampant drug trade in the 100 block of South Matlack Street. The informant advised McGinnis the vehicle was occupied by Bud Twyman, the appellee's brother-in-law George Rochester and the appellee, John Twyman, who planned an immediate return upon effectuating the narcotics purchase. The officer "knew of" defendant Rochester and was able to recognize him and the other two defendants. He was also aware Rochester and appellee lived at 122 South Matlack, a residence at which McGinnis had previously executed a search warrant for con-

trolled substances and arrested several of appellee's family members. Realizing the round trip from West Chester to North Philadelphia took approximately one and one-half hours, McGinnis radioed his partner to meet him and proceeded immediately to the vicinity of South Matlack. At approximately 11:30 a.m., McGinnis observed the two-tone green Grand Prix, license number XCC 988, with appellee and the other two defendants heading toward 122 South Matlack. The Grand Prix parked 75 feet from the residence and McGinnis pulled along side the vehicle blocking its egress. He then ordered the occupants from the car, waited for back-up and arrested the defendants. A visual scan of the car's interior disclosed plastic bags and the orange tops of crack vials. A subsequent search of the Grand Prix revealed crack cocaine and related drug paraphernalia.

At the hearing on his motion to suppress, defense counsel raised the issue of the informant's reliability. McGinnis testified the informant had provided reliable information leading to the arrest of at least three others within the past three months, two as a result of the controlled purchase of drugs and one from a vehicular stop similar to that presently before this Court. Because the cases were pending and primarily because the affiant feared for the safety of the informant should his cohorts deduce his identity, McGinnis refused the court's request to disclose the name of the vehicular stop case which was factually akin to this case. As a sanction for the Commonwealth's refusal, the court found the informant unreliable, ruled the warrantless stop and arrest were not based on probable cause and granted the defendant's motion to suppress the contraband seized.

On appeal, the Commonwealth argues there was sufficient independent information constituting probable cause for the search of the vehicle, regardless of the confidential informant's reliability. The Commonwealth also contends McGinnis acted within the confines of well established law when he declined to jeopardize the identity of the confidential informant. We agree with appellant's arguments.

In reviewing an Order granting a motion to suppress, we must first determine whether the court's factual findings and legal conclusions are supported by the record. *Commonwealth v. Medley*, 531 Pa. 279, 612 A.2d 430 (1992). To determine this, we will review only the evidence of the appellee and so much of the appellant which, when read in the context of the record as a whole, remains uncontradicted. *Id.* If the factual findings are supported by the record, then we may reverse only if the legal conclusions drawn from the findings are erroneous. *Id.* We find the recitation of the facts leading to appellee's arrest, as set forth in the record, do not support the court's finding the informant was unreliable and, furthermore, there existed sufficient independent information upon which to find probable cause to conduct an investigatory stop.

Reliability aside, the informant accurately related to McGinnis the color, make, model and tag number of the vehicle which McGinnis was aware had heretofore been associated with the drug trade in the Matlack area of West Chester. He also identified the vehicle's three occupants and the location and time, within minutes, of appellee's arrival in West Chester. The address to which McGinnis was directed was a known drug house at which he had previously executed a drug related search warrant. In addition, McGinnis was familiar with the occupants of the vehicle and knew appellee and co-defendant Rochester resided at the 122 South Matlack address. The mere fact the informant had McGinnis' beeper number indicates he had prior dealings with the officer. Based on these facts and those set forth in detail *supra*, we believe the record does not support the suppression court's finding of unreliability, but do agree with the suppression court's reasoning voiced prior to handing down its ruling that absent defense counsel's request for information regarding McGinnis' other three arrests and the court's subsequent demand for a case name, there was probable cause for the warrantless search of the appellee's vehicle:

> I'm perfectly satisfied that if the question hadn't been asked and if the Commonwealth had not refused to answer it,

there would have been plenty of probable cause [to stop and search appellee's vehicle]. I have no problem there.

(N.T., 9/14/92, p. 80.)

As to McGinnis' refusal to disclose information which would have comprised the identity and therefore the safety of his confidential informant, we find his decision was appropriate and within the confines of the law. *See Commonwealth v. Ogborne*, 410 Pa.Super. 164, 599 A.2d 656 (1991), *alloc. den.*, 530 Pa. 631, 606 A.2d 901 (1992) (confidential informant's tip the defendant would arrive home within a few hours carrying PCP provided sufficient indicia of reliability to justify an investigatory stop in the driveway of defendant's home several hours after the officer received the tip).

Before the Commonwealth will be forced to reveal an informant's identity, there must be some showing the disclosure is necessary. *Commonwealth v. Mickens*, 409 Pa.Super. 266, 597 A.2d 1196 (1991). Here, there was no such showing made. Furthermore, a defendant may not insist upon the disclosure of an informant's name where such disclosure would jeopardize the confidential informant's safety. *Commonwealth v. Miller*, 513 Pa. 118, 518 A.2d 1187 (1986); *Commonwealth v. Kennedy*, 413 Pa.Super. 95, 604 A.2d 1036 (1992), *alloc. den.*, 531 Pa. 638, 611 A.2d 711 (1992). Logic requires a finding the safety of McGinnis' source would be jeopardized by revealing the case names in which he had served as an informant. As pointed out by the Commonwealth, West Chester is not comparable in size to the metropolises of Pittsburgh or Philadelphia. We believe it would not be difficult, if the appellee were so inclined, to determine which person was common to his case as well as the one for which the court demanded its caption. This worry is compounded by the fact this arrest as well as the other three in which the same confidential informant participated, occurred within the same neighborhood area of West Chester. The court's finding McGinnis could have divulged the case name without jeopardizing the informant's identity and his safety is not supported by the record and therefore not binding on this Court. Accordingly, we find the court erred by granting

appellee's motion to suppress as a sanction for refusing to divulge the vehicular case name.

Based on the foregoing reasons of law and fact we vacate the September 14, 1992 suppression Order and remand this matter to the trial court.

Order vacated and case remanded for proceedings in accordance with this Opinion.

Jurisdiction relinquished.