**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jerry STRICKLAND, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 25, 1997.

Filed Feb. 18, 1998.

Elvage G. Murphy, Asst. Dist. Atty., Erie, for Com., appellant.

Gene P. Placidi, Erie, for appellee.

Before DEL SOLE, EAKIN and HESTER, JJ.

HESTER, Judge:

The Commonwealth appeals from the order entered January 22, 1997, in the Court of Common Pleas of Erie County in which the trial court suppressed 7.6 grams of cocaine seized from a stolen automobile occupied by Jerry Strickland, appellee, on July 28, 1996. For the reasons which follow, we reverse.

The facts of the case may be summarized as follows. While on duty on July 28, 1996, Erie Police Officer Robert Popovic observed a red Nissan Sentra matching the description and registration number of a vehicle that had been identified at morning role call as stolen. Officer Popovic radioed for back-up, verified that the vehicle remained listed as stolen, and pulled the vehicle over to the curb in the 300 block of East 21st Street, Erie.

As Officer Popovic approached, appellee exited the vehicle and walked toward the back of the car. The officer asked appellee some preliminary questions and took the car keys from him.

Officer Aaron Wassell of the Erie Police Department arrived shortly thereafter. Appellee was placed under arrest, and Officer Wassell approached the driver's side of the Nissan Sentra. The officer observed a tan cigar case standing up in the storage panel on the driver's side door. At that time, the driver's side door was closed, and Officer Wassell observed the tube by looking down through the window. He reached through the open window of the closed door and pulled the cigar tube from the compartment. He testified that he had seen drugs packaged in opaque cigar tubes approximately twenty times during his tenure as a police officer.

Officer Wassell shook the tube, heard a rattle, opened it, and discovered what he believed, based on his experience, to be crack cocaine. After returning to the station, a field test performed on the substance established that it was cocaine.

Subsequently, Erie Police Officer Robert McDonald obtained a search warrant for the car. Prior to the request for and execution of that search warrant, the owner of the Nissan, Christine Johnson, arrived at the scene and signed a consent to search form for her vehicle. The vehicle then was searched by the police. A laundry basket and black back-pack in the Nissan Sentra were searched, and marijuana and drug paraphernalia were discovered.

Appellee was charged with receiving stolen property, possession of cocaine, possession of cocaine with intent to deliver, possession of marijuana, and possession of drug paraphernalia. On November 27, 1996, appellee filed an omnibus pretrial motion in which, *inter alia*, he sought the suppression of the 7.6 grams of crack cocaine found in the cigar tube. A hearing was held on December 17, 1996, wherein the parties agreed to the admission into evidence of the preliminary hearing transcript, and the Commonwealth offered some further, limited testimony.

On January 22, 1997, the suppression court granted appellee's motion to suppress the cocaine but denied suppression of other items seized. The Commonwealth filed its notice of appeal in which it certified in good faith that the suppression order terminated or substantially handicapped its prosecution of appellee. Thus, the appeal properly is before us.

> "Where a motion to suppress physical evidence has been filed, '[t]he Commonwealth [has] the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights.' The Commonwealth is required to establish the admissibility of the challenged evidence by a preponderance of the evidence." *Commonwealth v. Govens*, 429 Pa.Super. 464, 472, 632 A.2d 1316, 1320 (1993) (en banc), quoting Pa.R.Crim.P. 323(h). *See also: Commonwealth v. De-Witt*, 530 Pa. 299, 301, 608 A.2d 1030, 1031 (1992); *Commonwealth v. Frombach*, 420 Pa.Super. 498, 500, 617 A.2d 15, 16 (1992). In reviewing an appeal by the Commonwealth from an order suppressing evidence,
>
>> we must consider only the evidence of the defendant's witnesses and so much of the Commonwealth evidence that, read in the context of the record as a whole, remains uncontradicted. *See Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983). Furthermore, our scope of appellate review is limited primarily to questions of law. *See Commonwealth v. White*, 358 Pa.Super. 120, 516 A.2d 1211 (1986). We are bound by

the suppression court's findings of fact if those findings are supported by the record. *Id.* Factual findings wholly lacking in evidence, however, may be rejected. *Id.*

*Commonwealth v. Stine*, 372 Pa.Super. 312, 314, 539 A.2d 454, 455 (1988). *See also: Commonwealth v. Lagana*, 517 Pa. 371, 375–376, 537 A.2d 1351, 1353–1354 (1988); *Commonwealth v. James*, 506 Pa. 526, 532–533, 486 A.2d 376, 379 (1985). "Where the factual findings of the suppression court are supported by the record, we may reverse only if the legal conclusions drawn therefrom are erroneous." *Commonwealth v. Frombach, supra* at 500, 617 A.2d at 17. *See also: Commonwealth v. Twyman*, 425 Pa.Super. 198, 202, 624 A.2d 636, 637 (1993); *Commonwealth v. Smith*, 396 Pa.Super. 6, 8, 577 A.2d 1387, 1388 (1990).

*Commonwealth v. Evans*, 443 Pa.Super. 351, 355–56, 661 A.2d 881, 882–83 (1995).

In the instant case, appellee claimed the search and seizure of the cigar case located in a stolen car was unlawful under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. The suppression court reached the legal conclusion that "the act of leaning over into the car through the open window and looking down into the pocket on the driver's side door of the defendant's [stolen] automobile does rise to the level of a search from which the defendant is protected under the United States and Pennsylvania Constitutions." Trial court opinion, 1/22/97, at 3.

█ The Commonwealth now asks us to review this decision. We must keep in mind that entitlement to the exclusionary rule is available only to defendants who are able to demonstrate that a legitimate expectation of privacy was invaded by the allegedly illegal search and seizure. *Commonwealth v. Freeman*, 295 Pa.Super. 467, 441 A.2d 1327 (1982).

█ We consider the preliminary question of whether appellee had standing to challenge the search and seizure. It is true that a defendant charged with a possessory

offense has automatic standing to litigate a suppression motion. *Commonwealth v. Sell,* 504 Pa. 46, 470 A.2d 457 (1983). Nonetheless, as a threshold requirement and as part of his case for suppression, the defendant must demonstrate the existence of a privacy interest in the place searched that is "actual, societally sanctioned as reasonable, and justifiable ..." *Commonwealth v. Peterson,* 535 Pa. 492, 497, 636 A.2d 615, 617 (1993).

> In short, in order for a defendant accused of a possessory crime to prevail in a challenge to the search and seizure which provided the evidence used against him, he must, *as a threshold matter,* establish that he has a legally cognizable expectation of privacy in the premises which were searched.

*Commonwealth v. Carlton,* 549 Pa. 174, 180, 701 A.2d 143, 145–46 (1997) (emphasis added).

We acknowledge appellee's standing to assert the issue. *Id.* However, having had his standing acknowledged, appellee then is required to establish that the challenge, which he has without question legitimately raised, is itself legitimate. To do so, he must demonstrate that he held a privacy interest in the car that was actual, societally sanctioned as reasonable, and justifiable. Clearly, appellee cannot establish that he had a legally-cognizable expectation of privacy in a stolen car. As we have noted in the past:

> We find it difficult, if not impossible, to imagine a situation where one whose presence in an automobile is unlawful can have a legitimate expectation of privacy so as to entitle him to Fourth Amendment protection when that automobile is the object of a search. Although expressly not deciding whether appellant had standing to challenge the admissibility of physical evidence seized from a stolen truck, Judge Popovich, writing for the majority in *Commonwealth v. Prengle,* [293 Pa.Super. at 67], 437 A.2d 992 at 994 n. 3 (1981) noted "... because appellant's presence in the truck was unlawful, any claim to a reasonable *expectation* of freedom from government intrusion into a stolen vehicle would be ludicrous."

*Commonwealth v. Freeman, supra,* 295 Pa.Super. at 472, 441 A.2d at 1329–30.

Since appellee failed to demonstrate as a threshold matter that he had a legally-cognizable expectation of privacy in the stolen Nissan, he has failed to establish any entitlement to the exclusionary rule. The contrary result reached by the suppression court was incorrect.

That portion of the order of January 22, 1997, which granted suppression of the 7.6 grams of cocaine found in the brown cigar tube is reversed. Case remanded. Jurisdiction relinquished.