J-A17038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK CHAMBERLAIN | |
| Appellant | No. 2368 EDA 2013 |

Appeal from the Judgment of Sentence entered August 2, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0004307-2012

BEFORE:  GANTMAN, P.J., PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 01, 2014**

Appellant, Mark Chamberlain, appeals from the judgment of sentence the Court of Common Pleas of Delaware County entered August 2, 2013.[1] Upon review, we affirm.

The trial court summarized the facts and the procedural history as follows:

On the evening of May 31, 2012, at approximately 8:21 P.M., Lieutenant Michael Boudwin was working undercover in the city of Upper Darby, Pennsylvania within the vicinity of 69th Street terminal.  Boudwin, who has worked with the Delaware County

---

[1] The determination properly being appealed here is the judgment of sentence, not the Trial Court Court's Rule 1925(a) opinion.  ***See***, ***e.g.***, ***Commonwealth v. Swartz***, 579 A.2d 978, 980 (Pa. Super. 1990) ("Generally, in criminal matters, a . . . defendant may appeal only from the judgment of sentence.") (internal quotation marks and citation omitted); ***see also*** Pa.R.A.P. 2115.

Criminal Investigation's Narcotics Unit for 28 years, had called a woman named Tonya Myers earlier that day to arrange for the purchase of crack cocaine. That evening, at the aforementioned time, Boudwin met with Meyers and told her that he wanted $20 bags of crack cocaine. Meyers told Boudwin that he would have to "front the money" and then she would . . . get the drugs. Boudwin agreed, and gave Meyers two marked $50 bills. Myers then walked away and made a phone call. Shortly thereafter, a Pontiac Grand Prix pulled up to the area and Meyers entered the front passenger seat. [Appellant] was later identified as the driver of the vehicle.

Boudwin testified at Appellant's trial and explained to the jury that it is common practice for drug dealers and suppliers to use middle men. Boudwin explained that once the Pontiac proceeded down the street, he advised back up officers to box in the vehicle. As the officers moved their vehicle in around the Pontiac, Appellant accelerated in reverse and then forward striking the police vehicles. Appellant then veered to the left, and after his vehicle became wedged on a retaining wall and chain[-]linked fence, he exited the vehicle and began running down the street. Appellant was apprehended by officers a few minutes later. Two marked $50 bills were found in Appellant's right hand.

The Pontiac was searched and police recovered one (1) rose colored bag of cocaine on the floor of the vehicle in front of the passenger seat, and four (4) orange and twelve (12) rose colored bags of cocaine and a sandwich bag of marijuana on the gearshift lever in the center console of the vehicle. Four (4) additional rose colored bags were found in Meyers' purse.

Based upon Boudwin's training and experience, he estimated that the individual bags of cocaine would sell for $20 on the street. Boudwin explained that he believed the bags of cocaine were consistent with distribution. He explained that while 16 bags is not a tremendous quantity of crack cocaine, it is more than an average user would have.

Following a trial, a jury found Appellant guilty of fleeing or attempting to elude a police officer, delivery of a controlled substance, and possession of a controlled substance with the intent to deliver. On August 2, 2013, this court sentenced Appellant as follows: (a) on Count 11, the charge of possession

with the intent to deliver 2.3 grams of cocaine, Appellant was sentenced to 36 months to 72 months in a state correctional facility; (b) on Count 10, delivery of cocaine, Appellant was sentenced to 24 months to 48 months of incarceration, to run concurrently to the sentence imposed on Count 11; and (c) on Count 9, the charge of fleeing or attempting to elude an officer, Appellant was sentenced to 9 months to 24 months of incarceration, to run consecutively to the sentence imposed on Count 11.

Trial Court Opinion, 1/15/14, at 1-3 (citations to record, and footnote omitted).

On appeal, Appellant raises the following issues for our review:

(I)

Appellant's first two issues concern the denial of Appellant's motion to suppress. As articulated in the argument section,[2] according to Appellant, the trial court should have granted his motion to suppress because (i) the officers did not have reasonable suspicion Appellant violated the Motor Vehicle Code, (ii) the officers could not search the vehicle he was driving because they did not have a warrant and no exigent circumstances existed, and (iii) officers did not have probable cause to arrest him. Appellant's Brief, at 20-30.

We first note none of these issues were raised in Appellant's 1925(b) statement. Appellant's 1925(a) statement pertaining to the suppression issue states as follows: "Did the lower [c]ourt error [sic] in not granting suppression over evidence and testimony at the preliminary hearing and suppression hearing?" Appellant's Concise Statement of Matters Complained

---

[2] Appellant is reminded of the necessity to pay close attention to Pa.R.A.P. 2116(a), and Pa.R.A.P. 2119(a). Rule 2116(a), in relevant part, provides: "[T]he statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Rule 2119(a), in relevant part, provides that "[t]he argument shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Here, the questions addressed in the argument section do not match the questions raised in the statement of questions involved. Additionally, the questions for our review differ depending on what section of the brief one considers. Compare the questions raised on appeal as articulated in the "Statement of Questions Involved," Appellant's Brief at 13, the "Summary of Argument," *id.* at 18, and the "Argument" sections. *Id.* at 19-30.

of on Appeal, 8/27/13, at 1. Nowhere does Appellant explain why the trial court erred. Not surprisingly, the trial court was left to guess what issue or issues Appellant was raising, and it was only able to discern one of the multiple issues Appellant attempts to raise on appeal (*i.e.*, whether the officers had probable cause to arrest Appellant). Generally, concise statements that are as vague as the one at issue here result in a waiver of the issue raised therein.

> "[W]hen the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided 'the functional equivalent of no Concise Statement at all.'" ***Ferris v. Harkins***, 940 A.2d 388, 397 (Pa. Super. 2007) *citing* ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001). "Where an appellant fails to identify the issues sought to be pursued on appeal in a concise manner, 'the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.'" ***Id.***, *citing* ***In re Estate of Daubert***, 757 A.2d 962, 963 (Pa. Super. 2000). "Essentially, when the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Id.,*** *citing* ***Dowling***, 778 A.2d at 686. "Even if the trial court correctly guessed the issues Appellant brings before this Court, the vagueness of Appellant's Concise Statement renders all issues raised therein waived." ***Commonwealth v. McCree***, 857 A.2d 188, 192 (Pa. Super. 2004), *affirmed* ***Commonwealth v. McCree***, 592 Pa. 238, 924 A.2d 621 (2007).

***Commonwealth v. Cannon***, 954 A.2d 1222, 1228 (Pa. Super. 2008).

In light of the foregoing, we are compelled to conclude the issues are, therefore, waived. Even if we were to consider their merits, we would nonetheless conclude the suppression issues have no merit.

> [I]n addressing a challenge to a trial court's denial of a suppression motion [we are] limited to determining whether the

factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the [Commonwealth] prevailed in the suppression court, we may consider only the evidence of the [Commonwealth] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Cauley*, 10 A.3d 321, 325 (Pa. Super. 2010) (quotation omitted). Additionally, we note, "the forcible stop of a vehicle constitutes an investigative detention such that there must be reasonable suspicion that illegal activity is occurring." *Commonwealth v. Washington*, 63 A.3d 797, 802 (Pa. Super. 2013) (citing *Commonwealth v. Cruz*, 21 A.3d 1247, 1250 (Pa. Super. 2011)).

Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

*Commonwealth v. Holmes*, 14 A.3d 89, 95 (Pa. 2011) (citations, quotation marks, and emphasis omitted).

Appellant first argues that the officers could have stopped the vehicle he was in only if they had witnessed a violation of the Vehicle Code. In support, Appellant cites several cases dealing with vehicular stops originated

from a violation of the Vehicle Code. These cases, however, are inapposite because the stop did not originate from a vehicular violation. Here, the officers stopped the vehicle based on suspicion of criminal activity taking place in the vehicle in question, which is proper a proper basis for stopping a vehicle. *See* *Washington*, *supra*; *Cruz*, *supra*; *see also* *Commonwealth v. Murray*, 331 A.2d 414, 416-17 (Pa. 1975); *Commonwealth v. Feczko*, 10 A.3d 1285, 1288-91 (Pa. Super. 2010). The officers needed only reasonable suspicion of criminal activity to stop the vehicle, and they had it. To this end, the trial court, based upon Lieutenant Boudwin's testimony, as summarized above, noted Boudwin contacted Meyers to purchase drugs from her. They met around the corner from her residence. At the meeting, Meyer agreed to purchase five bags of crack cocaine for $100 for Boudwin. Boudwin gave Meyers two marked $50 bills. Meyers advised Boudwin she did not have the drugs and had to get them from her supplier. Meyers walked away from the meeting point, toward her residence, and placed a phone call. A few minutes later, a vehicle pulled into the area. Appellant was observed in the driver's seat of the vehicle. Meyers entered into the vehicle, and the two drove away. "Boudwin . . . believed that Meyers had called her supplier and that she and the driver, who he believed was the supplier, were engaging in a drug transaction." Trial Court Opinion, 1/15/14, at 5. Based on these observations, the officers initiated a stop of the vehicle. In light of these facts, and considering our

standard of review, we conclude the police officers had reasonable suspicion to believe that criminal activity took place or was taking place in the vehicle sufficient to warrant the stopping of the vehicle to investigate the matter.

Appellant next argues the "contraband found in the vehicle, whether or not in plain view,[3] must be suppressed," Appellant's Brief at 27 (emphasis in original), because the vehicle was illegally stopped. As noted, however, the stop was legal. Thus, the argument fails as a result, and we need not address this argument any further.

Appellant next argues the officers could not have searched the vehicle because they did not have a warrant and no exigent circumstances existed. Appellant is not entitled to relief.

> [W]e find that [A]ppellant cannot successfully challenge the search of the vehicle because he has failed to demonstrate any privacy interest in the vehicle. Appellant presented no evidence he owned the vehicle, that it was registered in his name, or that he was using it with permission of the registered owner. Thus, [A]ppellant had no cognizable expectation of privacy and may not challenge the search.

---

[3] The trial court, in a footnote, stated the seizure of the contraband was also proper under the plain view doctrine. *See* Trial Court Opinion, 1/15/13, at 7 n.2 (citing ***Commonwealth v. Guzman***, 44 A.3d 688, 695 (Pa. Super. 2012)) for the proposition that "[d]rugs in transparent bag on the floor of vehicle observed by officer when defendant had left the door open and voluntarily jumped out of the car, were immediately recognized as illegal narcotics, and was justifiably seized under the plain view doctrine." ***Id***.). We have no need to consider the plain view doctrine because we have concluded Appellant has failed to show he had a privacy interest in the car and its contents. ***See infra***.

*Cruz*, 21 A.3d 1251-52 (citation omitted); *see also* **Commonwealth v. Maldonado**, 14 A.3d 907 (Pa. Super. 2011) (this Court reversed a trial court's grant of a motion to suppress when the defendant failed to offer any evidence to demonstrate that he was authorized to use the vehicle. Although the vehicle belonged to his girlfriend, no evidence established that she had given him permission to use it on the day in question. *Id.* at 911.).[4]

Appellant next argues probable cause was lacking for his arrest. According to Appellant, it was "glaring improper," Appellant's Brief at 27, for the trial court to consider the following circumstances for purposes of establishing the legality of the stop: 1) Appellant's flight after the vehicle had been stopped; 2) Appellant's non-compliance with police order to turn off the vehicle, and, 3) the two $50 bills found on Appellant.

_____

[4] Appellant relies on **Commonwealth v. Haskins**, 677 A.2d 328 (Pa. Super. 1996) for the proposition that search of the vehicle was unconstitutional because there was no show of probable cause and exigent circumstances. **Haskins** is inapposite because it does not excuse Appellant from meeting the threshold requirement as part of his case for suppression of "demonstrat[ing] the existence of a privacy interest in the place searched that is actual, societally sanctioned as reasonable, and justifiable . . . ." **Commonwealth v. Strickland**, 707 A.2d 531, 534 (Pa. Super. 1998) (citing **Commonwealth v. Peterson**, 636 A.2d 615, 617 (Pa. 1993)). In passing, Appellant states the search of the vehicle violated Appellant's expectation of privacy, without providing any further explanation. Appellant's Brief at 28.

Interactions with police may be classified as mere encounters, investigative detentions, or formal arrests.

> "[M]ere encounter" (or request for information) . . . . need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. . . . "[I]nvestigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. . . . [A]n arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Pakacki*, 901 A.2d 983, 988 (Pa. 2006) (citations omitted).

> What starts out as a lawful investigatory detention may escalate to a full blown arrest which must be supported by probable cause. . . . Probable cause to arrest exists where the facts at the time of arrest would warrant a prudent person in believing that an offense had been committed, and that the suspect was the perpetrator of the offense.

*Commonwealth v. Elliott*, 546 A.2d 654, 661 (Pa. Super. 1988) (citation omitted).

This Court has noted that:

> Questions of probable cause do not entail certainties. Indeed, probable cause exists when criminality is one reasonable inference; it need not be the only, or even the most likely, inference. . . . It is important to view all of the facts and the totality of the circumstances in order to avoid rendering a decision that is totally devoid of [the] commonsensical inferences [that are] drawn by trained police officers with regard to drug activity.

*Commonwealth v. El*, 933 A.2d 657, 661 (Pa. Super. 2007) (citations and internal quotation marks omitted), *appeal granted*, *per curiam* (on issues of *pro se* representation only), 598 Pa. 207, 955 A.2d 1012 (Pa. 2008). We also note the observation

that "[t]he question whether probable cause exists in a given circumstance is so fact-intensive that well-settled legal principles in themselves offer cold comfort." [**Commonwealth v.**] **Dunlap**, 846 A.2d [674, 678 (Pa. Super. 2004)] (Johnson, J., dissenting).

**Commonwealth v. Smith**, 979 A.2d 913, 917 (Pa. Super. 2009).

"Flight, in and of itself, cannot constitute probable cause to arrest. It is equally true, however, that flight, coupled with additional facts which point to a suspect's guilt may establish probable cause to arrest." **Commonwealth v. Frank**, 595 A.2d 1258, 1262 (Pa. Super. 1991) (citations omitted).

Despite some inconsistencies, Appellant misreads the trial court's opinion.[5] The trial court addressed the legality of Appellant's arrest, not the legality of the stop. Specifically, regarding the facts supporting the arrest, the trial court found the following.

After the Appellant picked up Myers in front of her house, they proceeded in the vehicle down the street. Boudwin called for back-up.

---

[5] In its opinion, the trial court lays out the standard for warrantless arrests, **see** Trial Court Opinion, 1/15/14, at 4, states the officers had probable cause to arrest Appellant, **id.**, addresses facts supporting the same, **id.** at 5-6, and then concludes the stop of the vehicle was lawful. **Id.** at 7. Despite the conclusion, it would appear the trial court addressed the legality of the arrest. However, even if the trial court intended to address the stop as opposed to the arrest, and considered facts not relevant for purposes of the legality of the stop, and even if the trial court did not apply the proper standard (reasonable suspicion/probable cause), the outcome was correct and we can affirm on any ground without regard to the ground relied upon by the lower court itself. **Commonwealth v. Singletary**, 803 A.2d 769, 772-73 (Pa. Super. 2002).

One officer pulled behind the Pontiac's rear bumpe[r] and another pulled up 'nose-to-nose' with the front of Pontiac. One of officers ordered Appellant to shut off the engine and exit the vehicle. However, as the officers exited their vehicles and began to approach the Pontiac, Appellant ignored the officer's command and drove his car backwards and then forwards, slamming into both of the police vehicles that had blocked him in. Appellant then attempted to veer to the left and trapped the Pontiac in between a chain[-]link fence and retaining wall. Appellant then exited the Pontiac and fled the scene on foot. He was apprehended three to four blocks away from the scene.

Trial Court Opinion, 1/15/14, at 5-6 (citations to notes of testimony omitted).

As in **Frank**, "[h]ere, the officers observed a potential drug transaction and attempted to investigate further. However, in exacting the **Terry**[6] stop, they were met with appellant's attempt to abscond. Such conduct was sufficient to find probable cause to arrest." **Frank**, 595 A.2d at 1262.

Next Appellant challenges the possession with intent to deliver conviction was against the weight and sufficiency of evidence. In the Statement of Questions Involved, Appellant argues the challenges are based on the fact "the charge of criminal conspiracy was withdrawn against Appellant but not his co-Defendant who pleaded guilty to the same prior to Appellant's trial." Appellant's Brief at 13. In the argument section of the brief, however, Appellant addresses the following reasons for challenging the weight and the sufficiency of evidence: the Commonwealth has failed: (A) to

_____

[6] **Terry v. Ohio**, 392 U.S. 1 (1968).

prove (1) actual and constructive possession of contraband, and (2) he accomplished or attempted to accomplish a delivery of a controlled substance; and (B) the trial court improperly admitted evidence of two pre-marked $50 bills.

None of the issues raised in the argument section can be construed as included in the Statement of Questions Involved on Appeal.[7] **See** R.A.P. 2116(a), R.A.P. 2119(a). The issues are, therefore, waived.[8] In any event, we also find them to be meritless.

First we note, Appellant uses weight of the evidence and sufficiency of the evidence interchangeably. They are not, and failure to recognize this distinction may result in waiver. **Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000); **Commonwealth v. Birdseye**, 637 A.2d 1036, 1039-40 (Pa. Super. 1994). Because we are left to guess, we surmise Appellant intended to challenge the sufficiency of the evidence.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

---

[7] Similarly, none of these issues were raised in Appellant's 1925(b) statement.

[8] We urge counsel to familiarize himself with Pa.R.A.P. 2116 and 2119, and to be aware of the consequences resulting from failure to comply with these rules. **See**, **e.g.**, **Commonwealth v. Fremd**, 860 A.2d 515, 523-24 (Pa. Super. 2004) ("In his brief, appellant also argues that the police conduct was so outrageous as to bar conviction even if entrapment is not found. Appellant failed to raise this issue in the 'Statement of Questions Involved' portion of his appellate brief and it is, therefore, waived.").

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brown***, 23 A.3d 544, 559-60 (Pa. Super. 2011) (*en banc*) (citations omitted).

Appellant essentially argues

the mere fact that the contraband was found in the car [Appellant] was driving is not sufficient circumstantial evidence of knowledge. An inference of innocence was just as reasonable as an inference of guilt; that, since anyone (including Myers) could have put the package there. Here, the jury should not have been entitled to infer from the contraband's presence in their car, that Appellant had put it there.

Appellant's Brief at 34.

Appellant also notes that the Commonwealth's only witness's "testimony . . . leaves doubt of whether Appellant was in possession of any contraband or if Ms. Meyers: (i) brought the contraband with her into the car, and/or (ii) prior to police arrival, discharged the contraband from her purse when Appellant exited the vehicle." ***Id.***

- 14 -

Appellant fails to recognize that the standard of review requires us to review the evidence in the light most favorable of the verdict winner, the Commonwealth here, and that the jury was free to believe all, part, or none of the evidence. **Brown**, **supra**. Appellant also fails to recognize that the "facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Ratsamy**, 934 A.2d 1233, 1236 n.2 (Pa. 2007) (citation omitted). Additionally, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Id.** Finally, "[a]n appellate court may not substitute its judgment for that of the fact-finder; the critical inquiry is not whether the court believes the evidence established guilt beyond a reasonable doubt, but whether the evidence believed by the fact-finder was sufficient to support the verdict." **Commonwealth v. Sinnot**, 30 A.3d 1105, 1110 (Pa. 2011).

The crime of possession with the intent is defined as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–113(a)(30).

> In order to convict an accused of [possession with intent to deliver (PWID)] under 35 P.S. § 780–113(a)(30), the Commonwealth must prove that he "both possessed the controlled substance and had an intent to deliver that substance." ***Commonwealth v. Kirkland***, 831 A.2d 607, 611 (Pa. Super. 2003). Pennsylvania courts interpreting § 780–113(a)(30), as it applies to PWID, have concluded that the Commonwealth must establish *mens rea* as to the possession element. ***Commonwealth v. Mohamud***, 15 A.3d 80 (Pa. Super. 2010). When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash[.]" [***Ratsamy***, 934 A.2d at 1237-38]. Additionally, expert opinion testimony is also admissible "concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use." ***Id.*** at 1238.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011), *appeal granted on other grounds*, 44 A.3d 1147 (Pa. 2012).

Because Appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013) (internal quotation marks and citation omitted). Additionally, it is possible for two people to have joint constructive possession of an item of contraband. **Haskins**, 677 A.2d at 544 ("The fact that another person may also have control and access does not eliminate the defendant's constructive possession; two actors may have joint control and equal access and thus both may constructively possess the contraband.") (citing **Commonwealth v. Mudrick**, 507 A.2d 1212 (Pa. 1986)).

The trial court addressed the sufficiency of the evidence claim as follows:

> The evidence presented at trial was sufficient to establish Appellant's constructive possession of the drugs recovered from the vehicle. A search of the vehicle from which he fled resulted in the recovery of one colored bag of cocaine on the floor of the vehicle in front of the passenger seat, and sixteen colored bags of cocaine on the gearshift lever on the center console of the vehicle. Appellant was seen in the driver's seat of the vehicle where he had direct access to it. Moreover, the evidence was clear that Detective Boudwin handed two marked $50 bills to Tonya Meyers for the purchase of five bags of crack cocaine from her supplier. Shortly after the purchase was arranged, Appellant, the suspected supplier, arrived on the scene and picked up Meyers in his vehicle. When officers attempted to stop the vehicle Appellant was driving, Appellant erratically drove his vehicle into several police vehicles and then fled from the scene on foot. Based on the totality of the circumstances, there was sufficient evidence presented for a jury to conclude that Appellant constructively possessed the drugs found in the vehicle. Moreover, there was sufficient evidence to believe that the Appellant . . . possessed the drugs with the intent to deliver. Detective Boudwin testified that while 16 bags is not a tremendous quantity of crack cocaine, it is more than an average user would have. He explained to the jury that over of his career he had:

posed as a buyer hundreds of times as a user, as a junkie. You buy one or two bags at a time. Maybe five at most. They're color coded and normally that means there's different weights in the bags. This way it's a quick reference for the seller instead of like him trying to eyeball or her trying to eyeball how much is in each bag. They try to put like varying amounts into different color bags . . . in this situation with the other fact[s] on top of the 16 bags, it's definitely possession with the intent to deliver.

N.T., 6/19/13, p. 67. Based upon his training and experience, Boudwin believed the crack cocaine recovered from the vehicle was possessed with the intent to deliver.[fn] This court finds that the evidence was more than sufficient to support Appellant's possession with intent to deliver conviction.

_____

[fn] Boudwin was qualified as an expert in the field of drugs, drug distribution, and drug investigations at trial. N.T., 6/19/13, p. 42.

Trial Court Opinion, 1/15/14, at 8-9.

Based on our review of the record, we agree with the trial court's reasoning, and conclude that the evidence was sufficient to support Appellant's conviction for possession with the intent to deliver.

Appellant also cites *Commonwealth v. Fortune*, 318 A.2d 327 (Pa. 1974), and *Commonwealth v. Wisor*, 353 A.2d 817 (Pa. 1976), for the proposition that in these cases defendant was found not to have constructive possession of drugs despite the fact the drugs were found in the dwelling were defendant lived (*Fortune*), or in a pipe located in a space beneath back of front right passenger's seat in automobile owned by defendant and occupied by defendant and others (*Wisor*). Appellant, however, fails to

mention these cases pre-date ***Commonwealth v. Macolino***, 469 A.2d 132 (Pa. 1983) (two actors may have joint control and equal access and thus both may constructively possess the contraband), and that their continued validity is questionable. "In fact, the dissenting opinion in ***Mudrick*** concluded that the pre-***Macolino*** cases had been overruled [by ***Mudrick***] *sub silentio.* ***Mudrick***, [507 A.2d at 1215.] Nothing in our exhaustive review of the case law contradicts this conclusion." ***Manley v. Fitzgerald***, 997 A.2d 1235 (Pa. Cmwlth. 2010). ***See, e.g., Commonwealth v. Thompson***, 779 A.2d 1195 (Pa. Super. 2001) (evidence was sufficient to prove constructive possession by defendant passenger of contraband found in the vehicle despite the fact there were other occupants in the vehicle); ***Commonwealth v. Stembridge***, 579 A.2d 901 (Pa. Super. 1990) (same), and ***Commonwealth v. Cruz-Ortega***, 539 A.2d 849 (Pa. Super 1988) (same).

Appellant next argues the trial court erred in admitting photocopies of the $50 bills, as opposed to the originals, in violation of the best evidence rule. The claim is waived and meritless.

It is waived because it was not raised in Appellant's 1925(b) statement. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) ("[A]ny issues not raised in a Rule 1925(b) statement will be deemed waived.") On the merits, the claim is without merit. The rule relied upon is not applicable here because the writing, Boudwin's initials, "M.B.", ***see*** Trial

- 19 -

Court Opinion, 1/15/14, at 1, was not at issue. *See Commonwealth v. Harris*, 719 A.2d 1049, 1052 (Pa. Super. 1998). *See also* Pa.R.E. 1102.

Appellant next argues the Commonwealth's withdrawal of the conspiracy charge against Appellant "is a confession by the Commonwealth that [Appellant] was not in possession of contraband with the intent to deliver the same." Appellant's Brief at 37. Appellant concludes the conviction is therefore against the weight of the evidence.[9] The argument is waived and meritless.

Appellant failed to properly preserve and raise the weight of the evidence issue. *See* Pa.R.Crim.P. 607. Appellant also failed to provide any information on how and when the claim was preserved for our review. *See* Pa.R.A.P. 2117(c), 2119(c). Additionally, it is waived because Appellant failed to provide any authority for the proposition he advocates (Commonwealth's withdrawal of conspiracy charges against Appellant operates as a "confession," Appellant's Brief at 37, or "admission and stipulation," *id.* at 38, he did not commit the crime of possession with the intent to deliver contraband.). *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Charleston*, --- A.3d ----, 2014 WL 2557575, *7 (Pa. Super. June 6, 2014) (failure to offer pertinent authority in support of the specific claim results in waiver).

---

[9] Nowhere did Appellant address or even mention the proper standard of review for weight of the evidence challenges.

The claim is also without merit. "Conspiracy to commit a crime and the underlying crime itself are two entirely separate offenses with separate elements required for each." *Commonwealth v. Johnson*, 719 A.2d 778, 791 (Pa. Super. 1998). As such, withdrawal of the conspiracy charge has no bearing on the underlying conviction of possession with intent to deliver.

Finally, Appellant alleges the sentence is illegal because the Commonwealth did not prove Appellant committed two distinct crimes (*i.e.*, possession with intent to deliver 2.3 grams of cocaine and delivery of five bags of cocaine to Myers). Appellant's Brief at 39. Specifically, Appellant argues:

> There were no eyewitnesses nor any testimony that [a completed delivery of drugs occurred to Myers from Appellant]. The trial court makes a leap of logic commenting that this second crime was based solely upon a single rose colored bag of cocaine that was found in Myers' purse. . . . It is entirely possible that all of the rose colored bags containing drugs for Myers personal use or were in her sole and exclusive possession, at all times.

*Id.*

The claim is without merit. Despite Appellant characterizing this issue as a legality claim, Appellant is in fact challenging the sufficiency of the evidence, again.[10] And again, Appellant raises the same meritless argument

_____

[10] Appellant misapprehends the meaning of "illegal sentence." "'[I]llegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases."). *Commonwealth v. Foster*, 17 A.3d 332, 344 (Pa.
*(Footnote Continued Next Page)*

raised in connection with the previous challenge to the sufficiency evidence. As noted above, Appellant fails to recognize that our standard of review requires us to review the evidence in the light most favorable to the verdict winner, the Commonwealth here, and that the jury was free to believe all, part, or none of the evidence. **Brown**, 23 A.3d at 559-60. Appellant also fails to recognize that the "facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Ratsamy**, 934 A.2d at 1236 n.2.

In the Statement of Questions Involved on Appeal, Appellant argues the sentence was illegal because he was convicted and sentenced twice for the same charge (possession with intent to deliver contraband and delivery of contraband). In the alternative, Appellant argues the two convictions should have merged for sentencing purposes. Appellant's Brief at 13. These arguments were not addressed in the argument section, but only mentioned in the Statement of Questions Involved on Appeal.

The trial court stated the claims were meritless. Regarding the first issue, the trial court noted "Appellant was not convicted of and sentenced for the same charge twice." Trial Court Opinion, 1/15/14, at 10. Appellant in fact was found guilty of fleeing or attempting to elude a police officer,

*(Footnote Continued)* ————————————

2011) (citation omitted). Appellant provides no authority this challenge is in fact a challenge to the legality of the sentence.

possession with the intent to deliver cocaine, and deliver of cocaine. ***Id.***
We agree with the trial court the claim is meritless.

Similarly meritless is the sentencing claim. Appellant argues the sentences for possession with intent to deliver contraband and delivery of contraband should have merged. The trial court rebutted the argument by noting that when, as in the instant case, "a defendant commits multiple distinct criminal acts, the concept of merger for sentencing purposes do not apply." ***Id.*** (citing ***Commonwealth v. Pettersen***, 49 A.3d 903, 911-12 (Pa. Super. 2012)). The trial court identified the two distinct criminal acts as follows:

> Appellant's conviction of possession with the intent to deliver was based upon the drugs, namely, the sixteen (16) bags of cocaine and the sandwich bag of marijuana, that were recovered from the center console of the Pontiac that Appellant was observed driving, as well as the expert opinion of Lieutenant Boudwin, who testified that it was his professional opinion that these drugs were possessed with the intent to deliver.

Trial Court Opinion, 1/15/14, at 11.

> With regard to the delivery of contraband, the trial court noted:

> Appellant's conviction . . . was based upon his delivery of cocaine to Tonya Meyers. This crime was based upon the single rose colored bag of cocaine that was recovered from the passenger floor of the Pontiac and the four rose colored bags of cocaine that were found in Meyer's purse, and was corroborated by Appellant's possession of the two marked $50 bills that Lieutenant Boudwin had provided to Meyers prior to the sale.

> ***Id.***

The trial court concluded that Appellant's conviction for possession with intent to deliver and delivery of cocaine constitute distinct criminal acts. As such, the sentences do not merge. *See Pettersen*, 49 A.3d at 911-12 ("Our Courts have long held that where a defendant commits multiple distinct criminal acts, concepts of merger do not apply.") (quotation marks and citation omitted)). We therefore agree with the trial court's analysis and conclusions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2014