J-S78008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BRENDAN BRIAN COSTELLO | |
| Appellee | No. 1206 MDA 2014 |

Appeal from the Order Entered July 1, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008589-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 09, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the York County Court of Common Pleas, which granted Appellee, Brendan Brian Costello's, motion to suppress.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On October 18, 2013, the police obtained information from a confidential informant ("CI") regarding marijuana at 336 West Cottage Place, York City ("the residence").  In anticipation of a search warrant, the police secured the residence.  When the police obtained a search warrant, they searched the residence and found marijuana, mushrooms, drug packing material, and scales.  The police arrested Appellee and charged him with possession with intent to deliver ("PWID").

Mark Mastrangelo, who lived at the residence, testified that he spoke to Appellee two days later, on October 20, 2013, and Appellee told Mr. Mastrangelo that Appellee was expecting a package in the mail. Appellee told Mr. Mastrangelo the package would arrive at either the residence or another home nearby, and that Mr. Mastrangelo should not touch the package because it contained marijuana. On October 21, 2013, Mr. Mastrangelo noticed a package on the front porch of the residence and called Appellee to inform him of its arrival. Appellee again told Mr. Mastrangelo not to touch the package. After obtaining information from the CI that Appellee was receiving a large amount of marijuana through the mail, Officer Lentz and another police officer went to the residence on October 22, 2013, to see if a package had arrived. Upon noticing a package on the porch, the officers approached the residence. The package was addressed to a James Moffet at the residence address, and was from a Jessica Harris in Eureka, California. The officers determined Mr. Moffett did not live at the residence, seized the package, and brought it to the police station. The officers opened the package, discovered marijuana, and immediately obtained a search warrant.

The York County District Attorney amended the original criminal complaint to charge Appellee with an additional count of PWID. On January 16, 2014, Appellee filed a motion to suppress the drugs found at the residence and in the package. The court held a suppression hearing on May 2, 2014. On July 1, 2014, the court denied the motion as to the search of

the residence but suppressed the drugs found in the package. The Commonwealth timely filed a notice of appeal on July 16, 2014. That same day, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the Commonwealth timely complied on August 1, 2014.

The Commonwealth raises the following issue for our review:

> WHETHER THE [SUPPRESSION] COURT ERRED IN GRANTING [APPELLEE'S] SUPPRESSION REQUEST WHERE [APPELLEE] LACKED A REASONABLE EXPECTATION OF PRIVACY IN THE PACKAGE SUPPRESSED BY THE [SUPPRESSION] COURT?

(Commonwealth's Brief at 4).

The following principles guide our analysis of the Commonwealth's issues:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Clinton*, 905 A.2d 1026, 1029-30 (Pa.Super. 2006) (quoting *Commonwealth v. Boulware*, 876 A.2d 440, 442 (Pa.Super. 2005)).

The Commonwealth argues Appellee lacked a reasonable expectation

of privacy in the package. Specifically, the Commonwealth avers Appellee was neither the sender nor the addressee of the package. The Commonwealth asserts the label on the package indicated the sender was Jessica Harris, and the package was addressed to James Moffet, an individual who did not live at the residence. The Commonwealth also claims Appellee presented no evidence to prove he intended to continue living at the residence or that he was the legal owner or tenant of the residence. The Commonwealth alleges that, after Appellee's arrest on October 18, 2013, Appellee went to stay with his girlfriend and no longer possessed a key or stored possessions at the residence. The Commonwealth also alleges Appellee "abandoned" the package when he did not retrieve it. The Commonwealth asserts the package was delivered to the residence on October 21, 2013, and Mr. Mastrangelo informed Appellee on that date that the package had arrived. The Commonwealth contends Appellee did not indicate to Mr. Mastrangelo that Appellee would pick up the package. The Commonwealth maintains Appellee left the package on the porch until the police seized the package on October 22, 2013. The Commonwealth concludes this Court should reverse the suppression court's order granting Appellee's motion and remand for further proceedings. We agree.

"[A] defendant charged with a possessory offense has standing to challenge a search." **Commonwealth v. Perea**, 791 A.2d 427, 429 (Pa.Super. 2002), *appeal denied*, 568 Pa. 736, 798 A.2d 1288 (2002). To

prevail, however, in a challenge to the search and seizure, a defendant accused of a possessory crime must also establish, as a threshold matter, a legally cognizable expectation of privacy in the area searched. **Commonwealth v. Strickland**, 707 A.2d 531, 534 (Pa.Super. 1998), *appeal denied*, 556 Pa. 675, 727 A.2d 130 (1998) (quoting **Commonwealth v. Carlton**, 549 Pa. 174, 180, 701 A.2d 143, 145-46 (1997)).

> An expectation of privacy will be found to exist when the individual exhibits an actual or subjective expectation of privacy **and** that expectation is one that society is prepared to recognize as reasonable. In determining whether a person's expectation of privacy is legitimate or reasonable, the totality of the circumstances must be considered and the determination will ultimately rest upon a balancing of the societal interests involved. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all of the surrounding circumstances.

**Commonwealth v. Viall**, 890 A.2d 419, 422 (Pa.Super. 2005) (internal citations and quotation marks omitted) (emphasis added). "The determination [of] whether [a] defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant." **Commonwealth v. Powell**, 994 A.2d 1096, 1103-04 (Pa.Super. 2010) (quoting **Commonwealth v. Burton**, 973 A.2d 428, 435 (Pa.Super. 2009) (*en banc*)). Nevertheless, our Supreme Court has held the Commonwealth need not establish the lawfulness of a warrantless search and seizure when a defendant initially fails to raise a legitimate expectation of privacy. **See Commonwealth v. Millner**, 585 Pa. 237, 258, 888 A.2d

- 5 -

680, 692 (2005). Under those circumstances, there would be no basis on which a trial court could properly grant a defendant's motion to suppress. ***See id.***

Instantly, Appellee had automatic standing to challenge the search of the package because he was charged with PWID, a possessory offense. ***See Perea, supra***. Nevertheless, as a threshold matter, Appellee failed to raise in his motion to suppress or at the suppression hearing any legally cognizable expectation of privacy in the package. ***See Strickland, supra***. Therefore, the Commonwealth was not required to establish the lawfulness of the warrantless search of the package, and the suppression court had no basis on which to grant Appellee's suppression motion. ***See Millner, supra***.

Moreover, even if Appellee had raised an expectation of privacy, he did not show an actual or subjective expectation of privacy in the package and that his expectation was one society is prepared to recognize as reasonable. ***See Viall, supra***. Therefore, considering all uncontradicted evidence presented by Appellee and the Commonwealth, the suppression court erred in granting Appellee's motion to suppress. ***See Clinton, supra***. Accordingly, we reverse the court's order granting Appellee's suppression motion regarding the package, and we remand for further proceedings.

Order reversed; case remand for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015