**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Robert Francis VIALL, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 2005.

Filed Dec. 30, 2005.

Greer H. Anderson, Lebanon, for appellant.

Megan E. Ryland–Tanner, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before: DEL SOLE, P.J., MUSMANNO and KELLY, JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is a direct appeal from the judgment of sentence imposed after a jury found Appellant guilty of possession and possession with intent to deliver cocaine, possession of drug paraphernalia and criminal conspiracy. On appeal he challenges a ruling of the suppression court and a ruling regarding the admission of certain testimony at trial. We affirm.

¶ 2 The trial court recounted the following facts which were established at trial:

Sergeant Brett A. Hopkins of the Cornwall Borough Police Department stopped a vehicle due to a burnt out right rear taillight bulb. The driver of the vehicle was Justin Ritchie (Ritchie); his wife was in the right front seat, and there were three (3) passengers in the rear seat including Shawn Soliday (Soliday) and [Appellant]. Sergeant Hopkins discovered that Ritchie had an expired driver's license. No one else in the vehicle had proper identification on them. However, Soliday claimed to have a valid driver's license.

Ritchie and Soliday were asked to step out of the vehicle. By this time, Officer Ryan Sweigart arrived at the scene, and eventually Officer Conklin arrived at the scene with a picture of Soliday that verified he had a valid driver's license. The officers gave Ritchie a faulty equipment card for the light problem, and also a citation for driving on an expired license. The officers then advised Ritchie that he was free to leave, but he could not drive the vehicle away. The officers then advised Soliday that he was the only li-censed driver, and that he was also free to leave.

Ritchie and Soliday started to walk towards their vehicle, apparently ready to drive away. Before getting in the vehicle, Ritchie stopped and looked back at the police cars behind him. At this point Sergeant Hopkins asked Ritchie if he could ask him a few questions. Ritchie said sure.

Sergeant Hopkins asked if there were any guns or drugs in the vehicle. Ritchie stated he was unaware of any. Sergeant Hopkins then asked for permission to search the vehicle. Ritchie consented. The resulting search yielded drugs and drug paraphernalia.

Trial Court Opinion, 6/3/05, at 1–3.

¶ 3 Appellant sought to suppress the evidence obtained from the search of car arguing that Ritchie's consent was not validly given. The trial court ruled that Appellant did not have a reasonable expectation of privacy in the place searched and thus his constitutional rights were not violated.

¶ 4 Appellant in his first issue challenges the trial court's ruling, arguing that he had an expectation of privacy in the car entitling him to constitutional protection, and that this protection was violated when the officers searched the car without valid consent. Specifically Appellant cites to Article 1, Section 8 of the Pennsylvania Constitution and notes that historically an individual's privacy interests are given greater deference under the Pennsylvania Constitution than under federal law. Appellant's Brief at 15 (citing *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896 (1995)).

¶ 5 Although Appellant was charged with a possessory offense and as such has automatic standing to challenge the suppression of the items seized, it was appropriate for the trial court to first ex-

amine the question of Appellant's privacy interest in the place searched. *See Commonwealth v. Peterson,* 535 Pa. 492, 636 A.2d 615, 617 (1993). Both Article 1, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution have been interpreted as protecting zones where an individual enjoys a reasonable expectation of privacy. *Commonwealth v. Parker,* 422 Pa.Super. 393, 619 A.2d 735, 737 (1993). While the Pennsylvania Constitution may be employed to guard individual privacy rights against unreasonable searches and seizures more zealously than the federal law, an individual's expectation of privacy in the place searched must be established to invoke constitutional protection. *Commonwealth v. Melilli,* 521 Pa. 405, 555 A.2d 1254, 1258 (1989). "[I]n order for a defendant accused of a possessory crime to prevail in a challenge to the search and seizure which provided the evidence used against him, he must, as a threshold matter, establish that he has a legally cognizable expectation of privacy in the premises which were searched." *Commonwealth v. Strickland,* 707 A.2d 531, 534 (Pa.Super.1998) (quoting *Commonwealth v. Carlton,* 549 Pa. 174, 701 A.2d 143, 145–46 (1997)).

¶ 6 An expectation of privacy will be found to exist when the individual exhibits an actual or subjective expectation of privacy and that expectation is one that society is prepared to recognize as reasonable. *Commonwealth v. Jones,* 874 A.2d 108, 118 (Pa.Super.2005). In determining whether a person's expectation of privacy is legitimate or reasonable, the totality of the circumstances must be considered and the determination will ultimately rest upon a balancing of the societal interests involved. *Peterson,* 636 A.2d at 619. "The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances." *Jones,* 874 A.2d at 118.

¶ 7 Appellant argues that he had a reasonable expectation of privacy while traveling as a passenger in the automobile. In support of his position he cites to *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973), wherein a passenger challenged the stop of an automobile in which he was riding. The court ruled that because the officers had no justification to stop the automobile, the stop was constitutionally impermissible, and the fruits of the unlawful stop should have been suppressed. In so ruling the court remarked that an "automobile is a place where an individual has a reasonable expectation of privacy" and thus is entitled to be free from unreasonable intrusions by the government. *Id.* at 876. The court found that when a police officer stops a vehicle the officer has seized the vehicle and its occupants, and thus certain constitutional protections come into play. The court ultimately ruled that "before the government may single out one automobile to stop, there must be specific facts justifying this intrusion." *Id.* at 878. Because no such facts could be articulated, the stop was deemed unlawful.

¶ 8 While we recognize, as did the court in *Swanger,* that occupants of an automobile have a certain expectation of privacy in the operation of that vehicle and may not be subject to unfettered governmental intrusion in the form of an unlawful stop, in this case the stop itself was not challenged. Here Appellant challenges the consent to search given by another occupant of the automobile and we must address whether Appellant had an expectation of privacy in the backseat area of the car where he was traveling so as to enable

him to challenge the validity of the consent given to search that area.

¶ 9 In ascertaining Appellant's privacy interest, the trial court likened its analysis to that employed when a visitor to a home seeks to challenge the consent given to a search of that home. In such cases the controlling consideration is whether the individual challenging the search and seizure has a legitimate expectation of privacy in the premises or area searched. *See Commonwealth v. Davis*, 743 A.2d 946, 950 (Pa.Super.1999). It has been held that "a casual visitor who is merely present in another's person's home does not have a legitimate expectation of privacy to contest an illegal entry by police into that home" and in order for such an individual to establish an expectation of privacy that individual must demonstrate a significant and current interest in the searched premises. *Commonwealth v. Govens*, 429 Pa.Super. 464, 632 A.2d 1316, 1319 (1993). *See also Davis*, 743 A.2d at 950 (ruling that the appellant had a legitimate expectation of privacy in the premises although he was not the named lessee where he carried a key to the apartment, and inside the apartment were the appellant's clothes, identification tag and prescription medicine); *Commonwealth v. Brundidge*, 533 Pa. 167, 620 A.2d 1115, 1118 (1993) (finding guest in motel room has legitimate expectation of privacy in room during period of time it is rented).

■■■ ¶ 10 We find the analogy employed by the trial court useful. Much as a visitor would not have a legitimate privacy interest in the entire area of another's home absent circumstances indicating otherwise, an ordinary passenger in an automobile does not by his mere presence have a legitimate expectation of privacy in the entire passenger compartment of that vehicle. While passengers in an automobile may maintain a reasonable expectation of

privacy in the contents of luggage they placed inside an automobile, *see United States v. Padron*, 657 F.Supp. 840, 847 (D.Del.1987), it would be unreasonable to maintain a subjective expectation of privacy in locations of common access to all occupants. *See Commonwealth v. Grundy*, 859 A.2d 485, 488 (Pa.Super.2004).

■■■ ¶ 11 In this case the drugs and drug paraphernalia were recovered from a common area in the backseat of the vehicle near where Appellant sat. Also traveling with Appellant were the driver, a front seat passenger and two other backseat passengers. We conclude that it would be unreasonable for Appellant to have expected to maintain a privacy interest in objects which were placed inside the car and not shielded from the view of the many others occupying the same small space. Much like a co-inhabitant of a home assumes the risk that one of the residents may permit the common area to be searched, *see Commonwealth v. Hughes*, 575 Pa. 447, 836 A.2d 893, 903 (2003), Appellant, as a co-occupant of the automobile, assumed the risk that the driver would permit the common areas of the car to be searched. Where joint access or control exists, there can be no reasonable or legitimate expectation of privacy. *Commonwealth v. Murphy*, 795 A.2d 997, 1005 (Pa.Super.2002). Thus, as we conclude Appellant did not have a reasonable expectation of privacy in the area where the contraband was recovered, the trial court rightly found he is unable to challenge the validity of the consent given to search that area.

■■■ ¶ 12 In an additional claim, Appellant argues that "Detective Briener should not have been allowed to testify regarding the potential source cities for drugs, as that testimony exceeded the scope of admissible testimony as an expert." Appellant's Brief at 25. As noted by the trial court, however, Appellant did not object to

the detective's testimony on this point. *See* Trial Court Opinion at 18; N.T., 2/10/05, at 127. Accordingly, this claim is waived. *Commonwealth v. McDermott,* 377 Pa.Super. 623, 547 A.2d 1236, 1245 (1988). While Appellant did object to other portions of the detective's testimony, the trial court in its opinion carefully details why such objections were properly overruled. Finding no merit to Appellant's claims, we affirm Appellant's judgment of sentence.

¶ 13 Judgment of sentence affirmed.