J-S33021-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JESSICA ROGERS, | : | |
| | : | |
| Appellee | : | No. 1402 EDA 2014 |

Appeal from the Order May 2, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0011426-2013

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 23, 2015**

The Commonwealth appeals from the orders entered on April 3, 2014

and May 2, 2014 in the Court of Common Pleas, Philadelphia County,

granting the motion to suppress evidence filed by defendant, Jessica Rogers

("Rogers").  For the reasons set forth herein, we reverse.

A brief summary of the factual and procedural history is as follows.

> On July 13, 2013, at approximately 7:00 p.m.
> [Rogers] was a front seat passenger in a vehicle that
> was stopped because of excessive tint on its
> windows.  The vehicle pulled over to the side of the
> street; it was not obstructing traffic.  The vehicle had
> five occupants: [Rogers], two other adults, and two
> children.   Three officers approached the vehicle.
> Officer [Michael] Berkery approached the vehicle
> from the driver's side and knocked on the window.
> Both the driver, Wallace Kid, and [Rogers] the front
> seat passenger, rolled down their windows.  Mr. Kid
> informed Officer Berkery that he did not have a valid
> driver's license.  Officer Berkery observed pill bottles
> at [Roger]'s feet.  Officer Berkery asked [Rogers] if

the pill bottles belonged to her. She answered in the affirmative and handed him a prescription pill bottle that had her name on it. Officer Berkery then asked [Rogers] if there was anything else he needed to know for his safety. [Rogers] informed him that she had Suboxone in her purse. [Rogers] was cooperative during the exchange and provided the requested information. [Rogers] motioned her hand in front of the glove box. Officer Berkery told Officer [Ryan] Pownall to "just watch her hands." [Rogers] was not observed touching the glove box.

Officer Berkery removed Mr. Kid from the vehicle and Officer Pownall removed [Rogers] from the vehicle. They were both taken to the rear of the vehicle and Officer [Sean] Quinn recovered a black handgun from the glove box. [Rogers] gave Officer Berkery the Suboxone from her purse. There were 22 tablets individually wrapped in thin metal wrappers bound together with a rubber band. [Rogers] did not have a prescription for the Suboxone.

Trial Court Opinion, 11/7/14, at 2-3 (citations omitted).

Rogers was charged with firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), knowingly or intentionally possessing a controlled substance, 35 P.S. § 780-113(a)(16), carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S.A. § 6108, possessing instruments of crime with intent to employ it criminally, 18 Pa.C.S.A. § 907(a), and endangering the welfare of children, 18 Pa.C.S.A. § 4304(a)(1). At a preliminary hearing held on September 10, 2013, the trial court dismissed the possessing instruments of crime and endangering the welfare of children charges. N.T., 9/10/13, at 22.

On April 1, 2014, Rogers filed a motion to suppress all physical evidence seized by police and all of Rogers' statements made to police, claiming that the police conducted a warrantless search of the vehicle without reasonable suspicion or probable cause. On April 3, 2014, after a suppression hearing, the trial court granted Rogers' motion to suppress the firearm. The trial court held another suppression hearing on May 2, 2014 and granted Rogers' motion to suppress her written statements, but declined to suppress Rogers' oral statements.

On May 5, 2014, the Commonwealth filed an appeal challenging the trial court's suppression orders. The Commonwealth simultaneously filed a statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, presenting two issues for our review:

> I. Did the lower court err in suppressing a gun found in the glove compartment of a van in which [Rogers] was the front seat passenger where (a) [Rogers] failed to prove a reasonable expectation of privacy in the van; and (b) the police had a reasonable basis for conducting a protective search of the vehicle for weapons?
>
> II. Did the lower court err in suppressing [Rogers'] later written statement regarding the gun on the ground that the gun itself had been illegally seized?

Commonwealth's Brief at 4.

Our standard of review of a ruling on a suppression motion is well settled:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Carter*, 105 A.3d 765, 768 (Pa. Super. 2014) (en banc) (quoting *Commonwealth v. Miller*, 56 A.3d 1276, 1278-79 (Pa. Super. 2012) (citations omitted), *appeal denied*, 70 A.3d 810 (Pa. 2013)).

For its first issue on appeal, the Commonwealth asserts that the trial court erred in suppressing the gun found in the glove compartment because Rogers failed to establish that she had a reasonable expectation of privacy in the vehicle "and in particular[,] the glove compartment where the gun was found." Commonwealth's Brief at 13. After our review of the record and relevant case law, we agree.

This Court has held that "[a] defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." *Commonwealth v. Maldonado*, 14 A.3d 907, 910 (Pa. Super. 2011) (quoting *Commonwealth v. Burton*, 973 A.2d 428, 435 (Pa. Super. 2009) (en banc)).

> Standing requires a defendant to demonstrate one of the following: (1) his presence on the premises at

the time of the search and seizure; (2) a possessory interest in the evidence improperly seized; (3) that the offense charged includes as an essential element the element of possession; or (4) a proprietary or possessory interest in the searched premises. A defendant must separately establish a legitimate expectation of privacy in the area searched or thing seized. Whether defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion. The determination whether defendant has met this burden is made upon evaluation of the evidence presented by the Commonwealth and the defendant.

With more specific reference to an automobile search, this Court has explained as follows: generally under Pennsylvania law, a defendant charged with a possessory offense has automatic standing to challenge a search. However, in order to prevail, the defendant, as a preliminary matter, must show that he had a privacy interest in the area searched.

*Maldonado*, 14 A.3d at 910-11 (quoting **Burton**, 973 A.2d at 435 (citations omitted)).

In this case, Rogers has established automatic standing to challenge the search because she was charged with possessory offenses. **Id**. We are left, therefore, to consider whether she had a legitimate expectation of privacy in the area searched.

An expectation of privacy is present when the individual, by his conduct, exhibits an actual (subjective) expectation of privacy and that the subjective expectation is one that society is prepared to recognize as reasonable. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is

> reasonable in light of all the surrounding circumstances.

**Burton**, 973 A.2d at 435 (quoting **Commonwealth v. Jones**, 874 A.2d 108, 118 (Pa. Super. 2005)).

With regard to an automobile passenger's expectation of privacy, this Court has held that

> Much as a visitor would not have a legitimate privacy interest in the entire area of another's home absent circumstances indicating otherwise, an ordinary passenger in an automobile does not by his mere presence have a legitimate expectation of privacy in the entire passenger compartment of that vehicle. While passengers in an automobile may maintain a reasonable expectation of privacy in the contents of luggage they placed inside an automobile, it would be unreasonable to maintain a subjective expectation of privacy in locations of common access to all occupants.

**Commonwealth v. Viall**, 890 A.2d 419, 423 (Pa. Super. 2005) (citations omitted).

In the instant case, the trial court held that Rogers "rightfully possessed a reasonable expectation of privacy in the automobile as a passenger who was cooperative and forthcoming with the police." Trial Court Opinion, 11/7/14, at 5. The trial court found that the glove compartment was not an area of common access, stating,

> The weapon was not found on the floor or seat, where any occupant could access it … The glove compartment certainly cannot be considered an area of common access where the other occupants can see inside. In fact, items such as car insurance

- 6 -

> papers, registration, or things deemed to be of value are often placed inside the glove compartment in order to be hidden and protected from the wandering eyes of others.

*Id.* The trial court's determination in this regard was in error.

In *Commonwealth v. Powell*, 994 A.2d 1096 (Pa. Super. 2010), this Court determined that a passenger that did not own or operate the vehicle in which he was a passenger, did not have a privacy interest in the vehicle. *Id.* at 1107-08. In that case, the defendants, Raymond Powell and Clayton Solomon, were traveling in a vehicle that police officers stopped for a vehicle code violation. *Id.* at 1099. At the time, Solomon was driving the vehicle and Powell was a passenger in the front seat. *Id.* Neither Solomon nor Powell owned the vehicle. *Id.* The officers ultimately searched the vehicle, which resulted in the seizure of contraband from the trunk of the vehicle. *Id.* at 1100, 1103. After the suppression court granted Powell's motion to suppress the evidence, the Commonwealth appealed.

On appeal, this Court determined that the suppression court erred in granting Powell's motion to suppress the evidence because Powell had no privacy interest in the vehicle since "the [vehicle] was registered to a third person, Solomon was operating it, and Powell had no connection to the vehicle whatsoever." *Id.* at 1107-08. In reaching its decision, the *Powell* Court relied upon federal jurisprudence, specifically, *Rakas v. Illinois*, 439 U.S. 128 (1978), wherein the United states Supreme Court found that the

defendant did not have "a legitimate expectation of privacy in the glove compartment or area under the seat of the car in which [he] was merely [a passenger]." **Powell**, 994 A.2d at 1107 (quoting **Rakas**, 439 U.S. at 149). The **Rakas** Court held that "these are areas in which a passenger *qua* passenger simply would not normally have a legitimate expectation of privacy." **Id.** As a result, the **Powell** Court concluded, "Because Powell did not establish that his personal privacy rights were violated, he cannot prevail in his attempt to suppress the contraband found by the police in this case." **Powell**, 994 A.2d at 1108.

**Powell** is indistinguishable from this case. Rogers has not established that she had a reasonable expectation of privacy, as there is no evidence of record to establish Rogers' connection to the vehicle. To the contrary, the uncontradicted evidence of record establishes that Rogers was a passenger in the front seat of the vehicle, driven by Wallace Kid ("Kid"). N.T., 4/3/14, at 18. Neither Kid nor Rogers owned the vehicle. **Id.** at 22. Thus, there is no evidence to establish Rogers' connection to the owner of the vehicle or to demonstrate her proprietary or possessory interest in the vehicle.

The trial court found that Rogers "exhibited a reasonable expectation of privacy as the passenger in the automobile because she was seated in front of the glove compartment," and that "[t]he glove compartment certainly cannot be considered an area of common access." Trial Court Opinion, 11/7/14, at 5. Our case law establishes, however, that it is "the

- 8 -

lack of any ownership or other proprietary or possessory interest in the vehicle … that result[s] in a finding of an absence of a reasonable expectation of privacy." ***Commonwealth v. Caban***, 60 A.3d 120, 130 (Pa. Super. 2012). Therefore, as the record reflects that Rogers failed to produce evidence to establish her personal privacy interest in the vehicle, such that her personal privacy rights were implicated when police seized the evidence from the vehicle, we conclude that the trial court erred in its determination that Rogers had a reasonable expectation of privacy in the vehicle.[1] Accordingly, the trial court erred in granting Rogers' suppression motion.[2]

---

[1] We note that the trial court also provides that "In the alternative … the suppression of the gun remains valid because the Commonwealth failed to establish a possessory connection between [Rogers] and the gun." Trial Court Opinion, 11/7/14, at 6 (citing ***Commonwealth v. Millner***, 888 A.2d 680 (Pa. Super. 2005)). As the Commonwealth states in its brief, the trial court's reliance on ***Millner*** is misplaced as ***Millner*** establishes that there is no authority for the proposition that the Commonwealth has a "preliminary suppression burden to 'connect' appellee to the firearm before appellee had to show that his own rights were implicated by its seizure[.]" ***Id.*** at 693. The ***Millner*** Court provided,

> In a case involving a possessory charge such as this one, it is true that the Commonwealth will not prevail at trial unless it can prove that appellee possessed the firearm. It may also be that appellee will challenge whatever evidence the Commonwealth musters at trial to prove appellee's "connection" to the firearm. But, nothing in existing jurisprudence, law, or even logic obliged the Commonwealth to "prove" that fact at the outset of the suppression hearing, before it could object to appellee seeking the suppression of a firearm based upon a seizure which did not implicate his own constitutional rights.

For its second issue on appeal, the Commonwealth argues that the trial court erred in suppressing Rogers' written statements regarding the gun. Commonwealth's Brief at 42. The trial court found this issue to be without merit based on its determination that "the gun in the glove compartment was seized unlawfully therefore the subsequent questioning and statement given by [Rogers] was also unlawfully obtained." Trial Court

---

*Id.* As Rogers has not established a personal privacy interest, we conclude that her rights were not implicated by the seizure of the gun. Accordingly, the Commonwealth was not required to establish a possessory connection between Rogers and the gun.

[2] The Commonwealth further argues that "[e]ven if [Rogers] had demonstrated a reasonable expectation of privacy in the van and, in particular, in the van's glove compartment," the search of the glove compartment was not improper as it was conducted as part of a "limited and lawful protective search of the vehicle for weapons." Commonwealth's Brief at 13, 25. We agree. Officer Berkery had reasonable suspicion "based on specific and articulable facts" that Rogers may gain immediate control of a weapon located in the glove compartment. *See Commonwealth v. Morris*, 644 A.2d 721 (Pa. 1994); *Michigan v. Long*, 463 U.S. 1032 (1983). The traffic stop occurred at night, in a high crime area that Officer Berkery previously made "[n]umerous narcotics and VUFA arrests for firearms violations." N.T., 4/3/14, at 30. Neither Kid nor Rogers owned the vehicle. *Id.* at 22. Rogers admitted to possessing a controlled substance without a prescription. *Id.* at 23-24. As Officer Berkery removed Kid from the car, he witnessed Rogers move her hand towards the glove compartment. *Id.* at 20. Based on a totality of the circumstances, we conclude that the officers had reasonable suspicion to justify a limited protective search. *See Commonwealth v. Boyd*, 17 A.3d 1274, 1275 (Pa. Super. 2011) (holding that the search of a center console was valid because police acted "based upon a reasonable suspicion that the defendant may have placed a weapon therein," based upon "a single movement over the center console as police approached the car, it was night, and the area was marked by drug and criminal activity."); *see also Commonwealth v. Tuggles*, 58 A.3d 840 (Pa. Super. 2012). The officers limited their search to the area where Rogers was observed reaching towards. Accordingly, the protective search of the glove compartment was constitutionally permissible.

- 10 -

Opinion, 11/7/14, at 9. The trial court rested its conclusion on the "fruit of the poisonous tree" doctrine, which "excludes evidence obtained from, or acquired as a consequence of, lawless official acts." *Id.* (quoting *Commonwealth v. Brown*, 700 A.2d 1310, 1318 (Pa. Super. 1997)).

As we discussed in our analysis of the Commonwealth's first issue, Rogers has not established that any "lawless official acts" occurred in this case, as the police did not violate any reasonable expectation of privacy in the search of the glove compartment. As such, the "fruit of the poisonous tree" doctrine has no application to any evidence obtained as a result of that search. *See Commonwealth v. Johnson*, 68 A.3d 930, 946 (Pa. Super. 2013) ("A fruit of the poisonous tree argument requires an antecedent illegality."); *see also Commonwealth v. Torres*, 764 A.2d 532, 544 (Pa. 2001). We therefore must also reverse the trial court's grant of Rogers' motion to suppress the written statements regarding the gun and remand this case for further proceedings.

Orders reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015