J-S01040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BETH ANN MASON | : | No. 1091 MDA 2018 |

Appeal from the Order Entered June 26, 2018
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0002352-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

CONCURRING/DISSENTING MEMORANDUM BY PANELLA, P.J.:

**FILED MARCH 07, 2019**

I respectfully concur in part and dissent in part.  I agree with the learned Majority's application of Pa.R.A.P. 311(d), and that the video portion of the surveillance recording should be admissible at trial.  However, I would deem the audio portion of the surveillance recording admissible as well, under the crime exception.  In my opinion, the Commonwealth demonstrated Eric Valle had reasonable suspicion of aggravated assault. In the alternative, I would conclude Mason had no reasonable expectation of privacy in the bedroom of Valle's home. And even in the absence of these two overarching considerations, I would conclude that the sounds resulting from the children

_____

[*] Retired Senior Judge assigned to the Superior Court.

being struck do not constitute an oral communication or "evidence derived therefrom." Accordingly, I would vacate the suppression order, and remand to the trial court for further proceedings.

"Because this Court's mandate is to determine if the suppression court properly applied the law to the facts, our scope of review is plenary." ***Commonwealth v. Milburn***, 191 A.3d 891, 897 (Pa. Super. 2018).

Here, I would conclude the Commonwealth correctly asserted that Valle demonstrated reasonable suspicion to install the "nanny cam" as an exception to the prohibitions of the Wiretap Act.

The most relevant exception to the prohibition of the Wiretap Act against the interception and disclosure of communications is subsection 17 of 18 Pa.C.S.A. § 5704. That provision permits:

> (17) Any victim, witness or private detective licensed under . . . The Private Detective Act of 1953, to intercept the contents of any wire, electronic or oral communication, if that person is under **a reasonable suspicion** that the intercepted party is **committing, about to commit or has committed a crime of violence** and **there is reason to believe that evidence of the crime of violence may be obtained from the interception**.

18 Pa.C.S.A. § 5704(17) (emphases added) (footnote omitted). "Crime of violence" is defined by the Crimes Code to include aggravated assault.[1] To determine whether reasonable suspicion exists, the totality of the

---

[1] ***See*** 18 Pa.C.S.A. § 2702.

circumstances must be considered. *See Commonwealth v. Raglin*, 178 A.3d 868, 872 (Pa. Super. 2018), *appeal denied*, 187 A.3d 913 (Pa. 2018).

Here, based on the unexplained bruising, "thumbing," split lip, and other injuries to his children while in the charge of Appellee, I would conclude Valle had ample, objective reasons to believe Ms. Mason was committing, had committed, or was about to commit a crime of violence, *viz.*, aggravated assault. *See* Trial Court Opinion, 6/26/18, at 5, 7; *see also* 18 Pa.C.S.A. § 5704(a)(17). The crimes the Commonwealth chose to charge Mason with do not control our analysis. Rather, we consider the crimes *Valle* had reasonable suspicion to believe Mason was committing at the time he installed the camera. In reaching this conclusion, I am particularly mindful that any of the enumerated acts, inflicted on a small child of two or three, including the throwing of a child into a playpen, and repeated hitting, could easily cause injuries that might prove serious, permanent, or even fatal.

Moreover, I cannot conclude that Mason had a reasonable expectation of privacy. "[T]he question of whether an employee[, as with any individual], has a reasonable expectation of privacy must be addressed on a case-by-case basis." *Commonwealth v. Cruz*, 166 A.3d 1249, 1256 (Pa. Super. 2017), *appeal denied*, 180 A.3d 1207 (Pa. 2018)" (quoting *City of Ontario v. Quon*, 560 U.S. 746, at 756–57 (2010) (brackets in original).

> An expectation of privacy will be found to exist when the individual exhibits an actual or subjective expectation of privacy and that expectation is one **that society is prepared to recognize as reasonable**. In determining whether a person's expectation of

privacy is legitimate or reasonable, the totality of the circumstances must be considered and the determination will ultimately rest upon a balancing of the societal interests involved. The constitutional legitimacy of an expectation of privacy is not dependent on the subjective intent of the individual asserting the right but on whether the expectation is reasonable in light of all the surrounding circumstances.

*Commonwealth v. Viall*, 890 A.2d 419, 422 (Pa. Super. 2005) (citations and internal quotation marks omitted) (emphasis added).

Further, our Supreme Court has emphasized that it is a *defendant's* burden to prove that he [or she] has both a subjective expectation of privacy and that the subjective expectation is one which society is willing to respect as legitimate.

*Cruz*, 166 A.3d at 1255 (Pa. Super. 2017) (citation omitted) (emphasis in original).[2]

Here, I discern no basis on which to conclude Mason established she had a privacy interest that was actual, societally sanctioned as reasonable, and justifiable. *See Commonwealth v. Peterson*, 636 A.2d 615, 617 (Pa. 1993) (finding no reasonable expectation of privacy in living area that defendant did not establish was his home); *see also*, *Cruz*, 166 A.3d at 257 (finding appellant failed to demonstrate reasonable expectation of privacy while he was in bathroom of employer). I note even the trial court conceded Mason's

_____

[2] I concede that I have been unable to locate authority explicitly addressing the issue of which party bears the burden of proof of establishing this condition of the Wiretap Act's ban on recording oral communications. What authority I have found assumes this burden rests with party asserting the expectation of non-interception based upon the analysis used to determine whether a person has a reasonable expectation of privacy under the Fourth Amendment. *See*, *e.g.*, *Commonwealth v. Prisk*, 13 A.3d 526, 531 (Pa. Super. 2011).

failure to plead with specificity the ground for exclusion "is arguably fatal." Trial Ct. Op., at 3 n.6.

Mason was an employee, not a social guest. While the record is not explicitly clear on whether Mason was an overnight guest, the burden of establishing this fact fell on Mason. **See Cruz**, 166 A.3d at 1255. It is undisputed that the recording at issue took place in a bedroom in Valle's house where the children slept while in Mason's care. I am not prepared to hold that any adult, outside of their own home, has a reasonable expectation of privacy in an area where young children are sleeping. Under these circumstances, Mason failed to show she had a societally sanctioned expectation of privacy in that room.

Even if I were to find Mason had a reasonable expectation of privacy in the children's bedroom, I would not find that the sounds of Mason slapping the children,[3] or pushing them into another object, are oral communications. Nor can I conclude these sounds are evidence derived from oral communications. They are simply the consequences of non-verbal actions

---

[3] I am dealing with the allegations of the Commonwealth at this point. Of course, Mason denies any aggressive striking of the children, and obviously, denies the Commonwealth's characterizations of her actions. My analysis of the sounds arising from the children contacting any other object does not depend on whether Mason (a) caused the contact, or (b) acted criminally. Put simply, the sounds at issue are completely independent of any oral communication.

taken by either Mason or the children. Admission of these sounds would not tend to disclose the content of any oral communication from Mason.

Accordingly, I respectfully concur in part and dissent in part.